OPINION
{¶ 1} Timothy Russell appeals from his conviction and sentence in Clark County Common Pleas Court on one count of attempted burglary.
 {¶ 2} Russell advances four assignments of error on appeal. First, he argues that the evidence presented at trial was legally insufficient to sustain his conviction. Second, he contends his conviction is against the manifest weight of the evidence. Third, he claims the trial court abused its discretion in admitting two photographs into evidence. Fourth, he asserts that prosecutorial misconduct during closing arguments deprived him of his right to a fair trial.
 {¶ 3} The present appeal stems from a 9-1-1 emergency telephone call Clark County resident Lisa Long made around 3:00 a.m. on December 13, 2004. Long reported hearing noises at a side window of her house. The noises consisted of hitting, banging, and rattling. Long also thought she might have heard voices outside. In response to Long's call, Springfield police officer Doug Pergram arrived at the scene and shined a spotlight at the house. He saw Russell standing one or two feet away from the side of the house where Long had heard the noises. Russell fled with his hands in the air upon seeing Pergram, and the officer pursued in his patrol car. Pergram and other officers arrested Russell a short time later after finding him hidden under a parked car. Pergram then returned to Long's residence and saw a screen that had been torn off of a side window.
 {¶ 4} A second Springfield police officer, Doug Hobbs, also responded to Long's call that night. Hobbs arrived in time to assist Pergram with Russell's arrest. After advising Russell of his Miranda rights, Hobbs asked what "was going on." Russell responded that he had come to Long's home with a female named Rose who knew someone there. Russell also admitted arriving in a van parked around the block, but he had no explanation for parking it there.
 {¶ 5} After Hobbs' testimony, the state rested its case. Following an unsuccessful Crim.R. 29 motion for acquittal, Russell declined to present any evidence. The jury subsequently found him guilty of attempted burglary. The trial court sentenced him to eleven months in prison and ordered the sentence to be served consecutive to a one-year sentence for a post-release control violation. This timely appeal followed.
 {¶ 6} In his first assignment of error, Russell argues that the evidence presented at trial was legally insufficient to sustain his conviction. In support, he presents the following brief argument:
 {¶ 7} "* * * The victim, Lisa Long, testified that she heard a noise outside her house in the early morning hours. She never saw Appellant that night nor could she identify him in court. She was unable to see outside the house. There was no evidence presented that Appellant was trespassing. Officer Pergram testified that he saw Appellant near the house. And, he found a screen on the ground. He did not, however, see Appellant touch the screen or try to go through a window. Rather, Appellant ran shortly after the officer arrived. Additionally, Officer Hobbs testified that Appellant told him that Appellant was there with a female and the female knew somebody at the residence. Thus, Appellant could not knowingly trespass when he believed a companion knew somebody at the residence. Accordingly, there is insufficient evidence to support a conviction for attempted burglary." (Citations omitted).
 {¶ 8} Upon review, we find no merit in Russell's sufficiency-of-the-evidence argument. When a defendant challenges the sufficiency of the evidence, he is arguing that the State presented inadequate evidence on each element of the offense to sustain the verdict as a matter of law. State v. Hawn (2000),138 Ohio App.3d 449, 471. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, at paragraph two of the syllabus.
 {¶ 9} Russell was convicted of attempting to violate R.C. §2911.12(A)(4), which provides:
 {¶ 10} "(A) No person by force, stealth, or deception, shall do any of the following:
 {¶ 11} * * *
 {¶ 12} "(4) Trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present."
 {¶ 13} Viewing the evidence in a light most favorable to the State, we believe the prosecutor presented legally sufficient evidence to sustain Russell's conviction. Long testified that she heard hitting, banging, and rattling outside her window. Officer Pergram arrived and saw Russell standing near the window. He also found a damaged screen lying on the ground by the window. Upon being questioned, Russell professed to have been present with a female he knew only as "Rose." According to Russell, Rose knew someone at the Long residence. Rose was not found at the scene, however, and Russell could not explain why he arrived in a van parked around the block rather than in front of the house. In light of this evidence, the jury reasonably could have disbelieved Russell and concluded that he had attempted to trespass in Long's occupied home by use of force. Therefore, his conviction is based on legally sufficient evidence. His first assignment of error is overruled.
 {¶ 14} The manifest-weight-of-the-evidence issue raised in Russell's second assignment of error is equally unpersuasive. In support of his manifest-weight argument, Russell states:
 {¶ 15} "Lisa Long, the victim in this matter, testified that her dog was barking in the back yard when the police arrived with their flashing lights. When the police responded, however, they arrived with their flashing lights off. In addition, there was no barking dog as far as the officer could remember. Moreover, no fingerprints were taken at the scene. Also, Officer Hobbs found no criminal tools or gloves. There is no evidence other than Appellant was in the area during this time of night. There is no evidence that Appellant came in contact with the house or took part in prying a screen off a window. Rather, the officer simply noticed a screen on the ground. Accordingly, the conviction for attempted burglary is against the manifest weight of the evidence." (Citations omitted).
 {¶ 16} We find no merit in the foregoing argument. When a conviction is challenged on appeal as being against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 17} Here we do not find that the evidence weighs heavily against Russell's conviction. Although Russell perceives the existence of inconsistent testimony about whether the officers arrived with their lights flashing, this issue is of little importance. In any event, we find no inconsistency. The record reveals that the officers arrived with their headlights and overhead lights out but used one or more spotlights upon arriving at Long's home. As for the barking of a dog, the officers' failure to remember whether they heard barking is insignificant. Likewise, the absence of fingerprint evidence, gloves, or criminal tools does not establish that Russell's conviction should be reversed. The issue before us is whether his conviction is against the manifest weight of the evidence that the State did present, not whether it cold have presented more evidence. Statev. Green, Montgomery App. No. 21063, 2005-Ohio-6671, at ¶ 16.
 {¶ 18} Finally, we reject Russell's argument that the evidence demonstrates nothing more than his presence in the area. As noted above, Long testified that she heard hitting, banging, and rattling outside her window. Officer Pergram subsequently saw Russell standing near the window. He also discovered a damaged screen on the ground by the window. Russell claimed to have been there with a female who knew someone at the residence. But the female was not present, and Russell could not explain why he had arrived in a van parked around the block. Although the State had no direct evidence establishing Russell's guilt, we believe the jury reasonably could have inferred from the strong circumstantial evidence that he had attempted to trespass in Long's home by use of force. Having reviewed the entire record, weighed the evidence and all reasonable inferences, and considered witness credibility, we do not find that, in resolving conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice. As a result, we overrule Russell's second assignment of error.
 {¶ 19} In his third assignment of error, Russell claims the trial court abused its discretion in admitting two photographs into evidence. The pictures were of a van. As noted above, police found the van around the block from the victim's home. Russell argues that the two pictures should not have been admitted into evidence because there was no foundation for them and they were irrelevant.
 {¶ 20} We disagree. Officer Hobbs identified the two pictures as being photographs of the van in which Russell admitted he had arrived. Therefore, there was a foundation for their admission. The pictures also were relevant. They showed the vehicle in which Russell had arrived, and the van's location around the block from Long's house undermined Russell's claim that he had intended to visit the home with a female friend. If that were the case, then Russell reasonably might have been expected to park in front of Long's home rather than around the block where he did. We find no abuse of discretion in the trial court's admission of the photographs. Russell's third assignment of error is overruled.
 {¶ 21} In his fourth assignment of error, Russell asserts that prosecutorial misconduct during closing arguments deprived him of his right to a fair trial. In particular, he contends the prosecutor's closing argument unconstitutionally shifted the burden of proof to him. This argument concerns a discussion of the female identified by Russell as "Rose." In his closing argument, defense counsel criticized the State for failing to investigate Rose adequately. In rebuttal, the prosecutor stated: "* * * The Defendant has the power of subpoena just as the State does. If Rose — if this Rose person is somebody who can come in here and give testimony beneficial to him." The prosecutor then added: "If there's a witness, if this witness can come in here and give testimony exonerating the Defendant, let him subpoena her, let him bring her in. He did not do that." Finally, the prosecutor told the jury: "You're entitled to draw an inference from the fact that he's now claiming she has beneficial testimony to him. You're allowed to draw the inference from the fact that — the fact he didn't bring her in here to so testify * * * [t]hat her testimony would not be favorable to him." After the foregoing statements, the trial court reminded the jury that Russell had no burden of proof and that he was not required to present any evidence.
 {¶ 22} Upon review, we find no prosecutorial misconduct. In order to prevail on his claim, Russell must prove that the prosecutor's remarks were improper and prejudicial. State v.Kelly, Greene App. No. 2004-CA-20, 2005-Ohio-305, at ¶ 18. In our view, however, the prosecutor's remarks did not unconstitutionally shift the burden of proof to Russell to establish his innocence. During closing arguments, defense counsel theorized that Russell merely may have been talking to Rose near the victim's driveway. Defense counsel also faulted the State for failing to locate Rose to corroborate Russell's story. As set forth above, the prosecutor responded by pointing out that Russell also had the power to call Rose as a witness but had failed to do so.
 {¶ 23} We see nothing objectionable about the prosecutor's remarks, which neither constituted a comment on Russell's failure to testify nor unlawfully shifted the burden of proof to him. This court has recognized that "the prosecution is entitled to comment on defense counsel's failure to offer evidence or to call witnesses other than the defendant." State v. Simpson,
Montgomery App. No. 19797, 2004-Ohio-669, at ¶ 65, citing Statev. Clemons, 82 Ohio St.3d 438, 452, 1998-Ohio-406; see alsoState v. D'Ambrosio, 67 Ohio St.3d 185, 193, 1993-Ohio-170 ("Defendant further argues that the prosecutor had no right to draw an unfavorable inference from the defense's failure to call [a particular witness], because the prosecutor had an equal chance to call her if he thought her testimony would aid the state. However, defendant could have easily pointed that out to the trier of fact."). Because we do not believe the prosecutor's remarks were improper, we find no prosecutorial misconduct. Russell's fourth assignment of error is overruled, and the judgment of the Clark County Common Pleas Court is hereby affirmed.
Judgment affirmed.
Fain, J., and Valen, J., concur.
(Hon. Anthony Valen, Retired from the Twelfth Appellate District, Sitting by assignment of the Chief Justice of the Supreme Court of Ohio).